Bill in Equity —
The case stated in the bill is different from that made out by the proof. In the bill, it is charged that Samuel Barton made an entry 14th December, 1795, for 640 acres of land on Sugg's Creek by virtue of a warrant No. 3654. That John Boyd recovered judgment against him in May, 1799, and procured the execution to be levied on the land included in the entry. And, at the sale by the sheriff, the complainant became *Page 128 
the purchaser on the 15th of May, 1800. That, previous to the judgment and sale, Barton, being in declining circumstances, and with a view of defrauding his creditor, made another entry 15th March, 1797, for the same land in filename of his infant daughter Margaret, by virtue of warrant No. 3950, and applied warrant 3654 to other entries; and, after the sale of the land, procured a grant in January, 1811, in the name of his daughter Margaret on the second entry made in her name, and prays a decree for the land.
From the documents produced in the court, it appears that the entry in December, 1795, was founded on a warrant which had been ripened into a grant several years before, and consequently was not a good entry. Nor could the purchaser at a sheriff's sale acquire any right to he land by virtue of that entry. He can not of that ground claim the interposition of this court.
The warrant on which the entry in the name of Margaret Barton was made was assigned to Samuel Barton in 1796, and by him to his daughter on the 19th of March, 1797. Margaret was then about fourteen years of age; she married shortly after, and died during coverture, leaving the defendant, Jane, her only daughter and heir. Barton became indebted to Boyd on the first of May, 1797. The judgment was in May, 1799. All Samuel Barton's right to the land was sold in May, 1800. The bill claims a right to have the land by virtue of the entry of 1795. That entry could not hold the land, being made on a warrant previously satisfied. What was done with the entry does not appear. Samuel Barton had not any right to the land, and could not make a fraudulent conveyance of it. The purchaser, therefore, on the execution sale has acquired no right by virtue of that entry. If he entitled to any relief, it must be in a state of things different from that in his bill. In March, 1797, *Page 129 
Samuel Barton transferred a warrant to his daughter; an entry was made in her name for the land in dispute. Can this be seized, and sold to satisfy the debt of Samuel Barton? It is alleged that it may; that the transfer of the warrant was made, and the entry also in her name, with intent to defraud creditors; and that, as far as creditors are concerned, she shall be deemed as a bare trustee for her father, and the land be sold for the satisfaction of his debts. Whatever may be the fact, as to Samuel Barton's intention, the Court would be scarcely warranted in saying it was proved on this occasion. It is true that some executions have been issued against him since that time, and were never fully satisfied. The general impression made by the testimony is, that Samuel Barton possessed property at that time of greater value than would have discharged all his debts. But the very trifling sums for which that property was afterwards sold to satisfy executions, it turned out to be deficient. The debt for which this land in dispute was sold originated after the time of the entry made on the warrant transferred to his daughter. Boyd, the creditor, had no doubt of his solvency at that time. The judgment afterwards was only for $640, and by recurrence to the records it appears, exclusive of the land now in dispute, three other tracts of 640 acres each, and three lots in Nashville, were sold by execution to satisfy the judgment, and still it is not completely satisfied. On an execution obtained by Buchanan (if parol testimony is to be received on the subject) still greater sacrifices, were made of the property. The judgments Were all subsequent to the entry for the land in 1797. Possessed of this property, we can not presume (no direct testimony of intention being offered) that the purchase of land made in the name of a daughter, and for her advancement, — she being then fourteen years of age, and married shortly after, was made with a view to defraud creditors. If this *Page 130 
be the case, from the proof made, the complainant can not be relieved. But even if it were otherwise, I much doubt whether the creditor had any lien on this land to authorize him to sell it byfi. fa. for S. Barton's debt. On this point however, I am not so well satisfied as to give a decisive opinion. Innocent purchasers are favored in equity, and ought to be protected, where it can be done consistently with the rules of law. But when a vendee at sheriff's sale prays the aid of this court to perfect the title the proof on his part ought to be clear and satisfactory.
Dismiss the bill.